**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DEREK SCOTT MCADOW, | 3:08-cv-00508-RAM |
| Plaintiff, | **ORDER** |
| vs. | |
| UNITED STATES POSTAL SERVICE, JOHN POTTER, Postmaster General, | |
| Defendants. | |

Before the court is Defendants' Motion For Summary Judgment (Doc. #18).[1] Plaintiff has opposed (Doc. #21), and Defendants have replied (Doc. #22). After a thorough review, the court finds that the motion should be denied.

## I. BACKGROUND

On August 20, 2008, *pro se* Plaintiff Derek Scott McAdow filed a complaint in Small Claims Court of Reno Township, County of Washoe, State of Nevada seeking $3,244 in damages for breach of contract. (Pet. for Removal 3 (Doc. #1).) On September 19, 2008, Defendants removed the case to federal court. (*Id.* at 1-2.) Plaintiff claims that Defendants United States Postal Service and John Potter, Postmaster General, "cancelled [their] agreement/contract three months early to hire a cheaper contractor." (*Id.* at 3.)

## II. LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d

---
[1] Refers to the court's docket number.

1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed.R.Civ.P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are

rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

Where, as here, a plaintiff proceeds *pro se*, the Court has an obligation to construe his complaint liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe *pro se* pleadings liberally including *pro se* motions as well as complaints.").

### III. DISCUSSION

Plaintiff alleges that instead of renewing Contract Number 072368-97-F-0497 (the '0497 Contract), a Postal Service official told him that a new agreement would be used, containing the same terms as the '0497 Contract, but would be treated as an in-house requisition rather than a renewed contract.. (Pl.'s Opp. to Summ. J. 1 (Doc. #21).) Plaintiff claims that the duration of the new agreement was for one year — October 1, 2006, through October 1, 2007. (*Id.*) Plaintiff asserts that Defendants breached the new agreement in June 2007 when they notified him that his services were no longer needed. (*Id.* at 2.)

Defendants argue that they are entitled to summary judgment because no contract existed between Defendants and Plaintiff after the '0497 Contract expired. (Defs.' Mot. for Summ. J. 1 (Doc. #18).) According to Defendants, they were not obligated to continue using Plaintiff's services for any additional period of time beyond that for which he was fully paid. (*Id.* at 2.)

"Federal law governs contracts to which the Government is party[.]" *C. H. Guernsey & Co. v. United States*, 65 Fed. Cl. 582, 595 (Fed. Cl. 2005); *see Forman v. United States*, 767 F.2d 875, 879 (Fed. Cir. 1985). To recover for a breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising under the contract, (3) a breach of that duty, and (4) damages caused by the breach. *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). To establish a valid contract with the government, a party must allege and establish: (1) mutuality of intent, (2) consideration, (3) lack of ambiguity in the offer and acceptance and (4) that the government

3

official whose conduct the contractor relies upon has actual authority to bind the government in contract. *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003). Express and implied-in-fact contracts both require proof of these elements, but "an implied-in-fact contract is founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." *La Van v. United States*, 382 F.3d 1340, 1346 (Fed. Cir. 2004) (internal quotation marks and citations omitted). A contract implied in fact results when an express offer and acceptance are missing but the parties' conduct indicates mutual assent. *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998).

Here, Plaintiff establishes a genuine issue of material fact as to whether he entered into a valid contract with the Postal Service. Defendants argue that a valid contract never arose because (1) the '0497 contract was not renewed, and (2) the payments transmitted to Plaintiff for his services stated "None" in the field that normally would contain a contract number. (Defs.' Reply 2 (Doc. #22).) Plaintiff concedes both of these points but nonetheless offers evidence pointing to the possible existence of a contract. (Pl.'s Opp. to Summ. J. 1-2). Plaintiff contends that an "Off Catalog Print Requisition" shows that he entered into an agreement with the Postal Service to provide services for a one-year term from October 1, 2006, to October 1, 2007. (*Id.*) This document makes two references to a one-year contract beginning October 1, 2006, and continuing until October 1, 2007. (Decl. of Greg Addington., Ex. C at 1 (Doc. #19).) Although Defendants argue that the document is an internal form used to request funds and does not, itself, constitute a contract, the court does not interpret Plaintiff's argument as alleging that the form constitutes a contract. (*Id.* at 7.) Rather, Plaintiff appears to contend that the form is *evidence of* the oral agreement he entered into with the Postal Service. (Pl.'s Opp. to Summ. J. 1-2.) Additionally, Defendants' argument seeks to have it both ways. Defendants assert that the "Off Catalog Print Requisition" form does not give rise to a contract because it is a document used for internal purposes. (Defs.' Reply 2.) However, Defendants simultaneously rely on the absence of a contract number in the payments submitted to

4

Plaintiff, which is presumably used for internal accounting, as evidence that a contract did not exist. (*Id.*) Defendants' position is inconsistent. Therefore, in taking the facts in the light most favorable to Plaintiff, the non-moving party, a genuine issue of material fact exists as to whether Plaintiff and Defendants entered into a valid contract giving rise to obligations or duties.

Furthermore, Defendants do not dispute (1) that Renee Brown, the Postal Service official with whom Plaintiff discussed the agreement, had authority to bind the government in contract, and (2) that Plaintiff's services were not used after July 1, 2007. (Defs.' Mot. for Summ. J. 6-8; Defs.' Reply 2-3.) Thus, in viewing the facts in the light most favorable to Plaintiff, evidence exists supporting all elements for breach of contract. Because factual issues remain in dispute, summary judgment is inappropriate.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion For Summary Judgment (Doc. #18) is **DENIED**.

DATED: February 25, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

5